**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID PUGH,** | : | |
| | : | **Case No. 2:13-CV-00944** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Kemp** |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Objection (Doc. 22) to the Magistrate

Judge's September 20, 2014 **Report and Recommendation** (Doc. 21), recommending that the

Court overrule Plaintiff's Statement of Errors (Doc. 15) and enter judgment in favor of the

Commissioner. Upon independent review by the Court, and for the reasons set forth below,

Plaintiff's Objections are hereby **OVERRULED** and the Court adopts the Magistrate Judge's

**Report and Recommendation**.

**I.       BACKGROUND**

Plaintiff filed for Disability Insurance Benefits and supplemental security income in April

2010, alleging a disability beginning September 1, 2007 due to a combination of physical and

mental impairments. Most notably, Plaintiff presented evidence of severe back and knee pain,

difficulties with mobility, borderline intellectual functioning, and mild mental retardation.  (Doc.

15 at 2).  His applications for Social Security Disability Insurance Benefits were denied initially.

(*Id.*) Upon reconsideration (*id.*), and after a videoconference hearing in April 2011, the

Administrative Law Judge ("ALJ") issued a decision concluding that Plaintiff was not disabled

because he did not meet the requirements of any section of the Listing of Impairments, as

required under the Social Security Act. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05. In

particular, Plaintiff did not meet the requirements of Listing 12.05C for mental retardation. (Doc. 21 at 6-7).

Additionally, the ALJ found the Plaintiff had residual functional capacity to perform work at the sedentary exertion level with certain limitations. (*Id.*). He could climb ramps and stairs occasionally but could not climb ladders or scaffolds, and he could occasionally balance, stoop, kneel, crouch and crawl. (Doc. 20 at 18). Mr. Ogren testified as a vocational expert for the Commissioner. (*Id.*). He opined that Plaintiff could perform several jobs and that these jobs existed in significant numbers in the regional and national economies. (*Id.*). The ALJ agreed with Mr. Ogren's opinion. (*Id.*) The Appeals Council denied Plaintiff's request for review on August 12, 2013, making the ALJ's decision final. (Doc. 21 at 1). Plaintiff then filed a complaint in U.S. District Court on September 1, 2014. (Doc. 1).

In his Statement of Errors, Plaintiff contends that it was error for the ALJ to determine that he was not disabled during any period of time. (Doc. 15 at 3). In particular, Plaintiff maintains that the ALJ erred in finding that Plaintiff has borderline intellectual functioning instead of mental retardation, which led to a finding that he did not meet the requirements of Listing 12.05C. (Doc. 15 at 3-5). Plaintiff also asserts that the ALJ failed to include all of the opinions of psychologist Dr. Miller, one of the consultative examiners. (*Id.* at 6-7).

The Magistrate Judge found that, taking the record as a whole, substantial evidence supports the ALJ's determination that Plaintiff did not meet the requirements of Listing Section 12.05(C). (Doc 21. At 9-10).  On the Plaintiff's second contention of error, the Magistrate Judge found that the ALJ, when faced with conflicting evidence, has the obligation to choose which medical opinions to credit, and since the ALJ had valid reasons for choosing not to credit portions of Dr. Miller's testimony, the decision cannot be disturbed. (Doc. 21 at 11). Therefore,

2

the Report and Recommendation concludes that the ALJ was justified in his determination and that judgment should be entered in favor of the Defendant Commissioner of Social Security.  (*Id.* at 12).

## II.     STANDARD OF REVIEW

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g).  This Court, upon objection, is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  This review requires the Court to re-examine all the relevant evidence previously reviewed by the Magistrate Judge, to determine whether the findings of the Commissioner are in fact supported by "substantial evidence."  *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983); *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653, 654 (6th Cir. 1982).

This Court's review "is limited to determining whether the Commissioner's decisions 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson*, 402 U.S. at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Ellis*, 739 F.2d at 248; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365 (6th Cir.1984). In addition, the evidence must be

substantial "tak[ing] into account whatever in the record fairly detracts from its weight." *Garner*, 745 F.2d 383.

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *See Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court would have arrived at a different conclusion. *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

## III.  ANALYSIS

In his objection to the Magistrate Judge's Report and Recommendation, Plaintiff first objects to the ALJ's determination that Plaintiff does not meet the standard set forth in Listing 12.05(c). (Doc. 22 at 2). Plaintiff states that this finding was not supported by substantial evidence and takes issue with a perceived failure of the ALJ to review all evidence. In particular, Plaintiff states that the ALJ failed to consider additional evidence that supported an onset of impairment before the age of 22 and pointed to "multiple indicators that revealed multiple deficits in adaptive functioning before the age of 22." (*Id.* at 3). Plaintiff's second objection is that the ALJ's "reliance on the Plaintiff's ability to work, marry and have a family" is not a valid basis for the determination that the Plaintiff is able to perform substantial gainful employment. (Doc. 22).

To support his first objection, Plaintiff states that his non-qualifying IQ score (i.e. higher than 70) from 1983 is insufficient to support the ALJ's determination that he lacked deficits in adapting functioning manifested before the age of 22. (Doc. 22 at 3). Plaintiff cites to *Lingo v. Colvin* for the proposition that "[a]ll that is required to satisfy the age-of-onset requirement is 'a factual finding that the onset of impairment occurred before the age of 22.'" No. 3:13CV452, 2013 WL 6859870, at *4 (N.D. Ohio Dec. 29, 2013) (citing *Boyd v. Astrue*, 2011 WL 1004562,

4

*4 (E.D.Pa.)). Plaintiff points to "multiple indicators that revealed multiple deficits in adaptive functioning before the age of 22" and asserts that the ALJ failed to consider all the evidence. (Doc. 22 at 3).

Failure to produce a qualifying IQ score (i.e., an IQ score lower than 70) obtained before age 22 does not preclude someone, as a matter of law, from satisfying Listing 12.0(c). *See Lingo*, 2013 WL 6859870, at *4. Additionally, producing a non-qualifying IQ score (i.e., an IQ score higher than 70) obtained before the age of 22 does not prevent a claimant from satisfying the age-of-onset requirement. *See id.* If the ALJ relied only on the  Plaintiff's non-qualifying IQ scores from 1983 to support the finding that Plaintiff lacked deficits in adaptive functioning which manifested themselves prior to age 22, then that decision likely would be contrary to law. Here, however, that is not the case.

 The ALJ pointed to the significantly higher IQ scores from 1983 as one means of supporting this determination. (Doc. 20 at 6-8). The ALJ also found relevant, as evidence that the Plaintiff did not exhibit deficits in adaptive functioning before the age of 22, that Plaintiff graduated from high school and began work shortly thereafter, and that Plaintiff has performed unskilled and semi-skilled work. (Doc. 21 at 10).

Plaintiff has asserted that other evidence in the educational record included multiple revealing deficits in adaptive functioning before the age of 22. (Doc. 22 at 3). The ALJ's factual determinations are upheld if they are supported by substantial evidence in the record. The decision as a whole should be affirmed if the ALJ's decision was "rational, supported by substantial evidence in the record, and consistent with controlling law." *Glen Coal Co. v. Seals*, 147 F.3d 502, 510 (6th Cir.1998). "Where, however, an ALJ has improperly characterized the evidence or failed to [take] account of relevant record material, deference is inappropriate and

remand is required." *Eastover Mining Co. v. Williams*, 338 F.3d 501, 508 (6th Cir.2003). This is not such a case.

Nothing in the record indicates that the ALJ failed to consider all the evidence relevant to the claim. An ALJ's determination to weigh the evidence differently than what Plaintiff requests is not proof of failure to consider the evidence; it is simply an outcome that Plaintiff does not prefer.

There is substantial evidence to support the ALJ's conclusion. The presence of substantial evidence to support a different conclusion has consistently been rejected as a basis for overturning an ALJ's decision. *See, e.g.*, *Kalmbach v. Comm'r of Social Security*, 409 Fed. Appx. 852, 859 (6th Cir. 2011) ("If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal standards, we are not at liberty to reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion."); *see also Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995) ("Thus, as long as the ALJ's conclusion is supported by the evidence, we will not reverse, even if the facts permit an alternative conclusion.")(citing *Neace v. Director*, 867 F.2d 264, 267 (6th Cir.1989))). Accordingly, the Court concludes that the ALJ was justified in finding that Plaintiff did not meet the requirements of Section 12.05(c).

Plaintiff's second objection is that the ALJ's "reliance on the Plaintiff's ability to work, marry and have a family" is not a valid basis for the determination that the Plaintiff is able to perform substantial gainful employment. (Doc. 22). The Plaintiff asserts that these factors "may be taken into consideration, [but] they cannot be used to conclusively determine that the Plaintiff is capable of competitive employment." (*Id.*).

The ALJ considered Plaintiff's ability to work, marry, have a family, as well as his ability to drive, receive good grades, work immediately after graduation from high school, among other factors, to determine that the Plaintiff did not have deficits in adaptive functioning before the age of 22. These considerations are legitimate. *See, e.g.*, *Robinson v. Comm'r of Social Security*, 2014 WL 3419309, *9 (S.D. Ohio July 10, 2014), *adopted and affirmed* 2014 WL 4748483 (S.D. Ohio Sept. 23, 2014) ("the ALJ did not err in considering Plaintiff's work, marriage, and family history, among other indicators of her functioning, in evaluating her adapting functioning"(citing *Justice v. Comm'r of Social Secuirty*, 515 Fed. Appx. 583, 587 (6th Cir. 2013))); *see also Jackson v. Comm'r of Soc. Sec., No.* 1:13CV572, 2014 WL 6673613, at *6 (S.D. Ohio Nov. 21, 2014) (the ALJ appropriately "relied on plaintiff's reported activities of daily living, including taking the bus, caring for her children, paying bills, and doing chores[.]"). Therefore, the Court finds that the ALJ was justified in considering Plaintiff's ability to work, marry, and have a family as one of many considerations to support the determination that Plaintiff was able to perform substantial gainful employment.

The Court concludes that the ALJ was justified in finding: (1) that the Plaintiff did not meet the requirements of Section 12.05(c), and (2) that it was appropriate for the ALJ to consider Plaintiff's ability to work, marry, and have a family in determining that Plaintiff was able to perform substantial gainful employment.

## IV.     CONCLUSION

For these reasons, Plaintiff's Objections are hereby **OVERRULED**.  The Court adopts

the Magistrate Judge's **Report and Recommendation**.  The case is **DISMISSED**.


**IT IS SO ORDERED.**


   __s/ Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**


**DATED:  March 5, 2015**